*E-Filed 2/4/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN L. TREADWAY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. HEDGPETH, et al.,<br><br>        Defendants.<br>_____/ | No. C 13-2113 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. After having reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file a second amended complaint on or before March 15, 2014.

### DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that (1) the undersecretary of the California Department of Corrections and Rehabilitation ("CDCR")[1]; (2) A. Hedgpeth, Warden of Salinas Valley State Prison; (3) J. Rhoads, a nurse at Salinas Valley; (4) F. Tuvera, a physician at Salinas Valley; (5) D. Bright, a physician at Salinas Valley; (6) R. Mack, a physician at Salinas Valley; (7) M. Sepulveda, Chief Medical Officer of the CDCR; and (8) G. Pineda, a contract physician, failed to provide, or ensure the provision of, constitutionally adequate medical care. When liberally construed, plaintiff's allegations state Eighth Amendment claims against Rhoads, Tuvera, Bright, Mack, and Pineda.

His allegations against the supervisory defendants (the undersecretary, Hedgpeth, and Sepulveda) do not. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor

---

[1] Plaintiff gives the name "Nernan," a name that, upon review of current records, is not connected to the CDCR.

1  "participated in or directed the violations, or knew of the violations and failed to act to
2  prevent them." *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity
3  where the allegations against them are simply "bald" or "conclusory" because such
4  allegations do not "plausibly" establish the supervisors' personal involvement in their
5  subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948–52 (2009).  In
6  order for these claims to survive review, plaintiff must allege <u>specific</u> facts linking the
7  supervisory defendants to the actions of the other defendants, rather than making conclusory
8  allegations.

   The complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint on or before March 15, 2014.  The second amended complaint must include the caption and civil case number used in this order (13-2113 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims found cognizable above. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

   **IT IS SO ORDERED**.

   DATED: February 4, 2014

   RICHARD SEEBORG
   United States District Judge